

FILED
4/18/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the use of a cell-site simulator to locate the cellular device assigned call number (312) 894-9587, further described in Attachment A | ) ) ) ) ) ) ) | Case No. 23 M 396 |
|---|---|---|

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the ___Northern___ District of ___Illinois___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | conspiracy to possess with intent to distribute controlled substances |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by FBI. See 18 U.S.C. §§ 3122(b), 3123(b).

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: __05/18/2023__) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

✓ Pursuant to Fed. R. Crim. P. 4.1, this Application is presented by reliable electronic means. The Applicant and/or Affiant provided a sworn statement attesting to the truth of the statements in the Application and Affidavit by telephone, as applicable.

✓ Sworn to and affirmed by telephone.

Sworn to before me and signed in my presence.

*Applicant's signature*

Shamar Bailey, Special Agent, FBI
*Printed name and title*

Date: April 18, 2023

*Judge's signature*

City and state: Chicago, Illinois

YOUNG B. KIM, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (312) 894-9587 | Case Number:<br><br>Hon. Young B. Kim<br>Magistrate Judge<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Shamar Bailey, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (312) 894-9587, ("**Subject Phone 13**"), which is described in Attachment A.

2. I am a special agent with the Federal Bureau of Investigation ("FBI") and have been so employed since March 2016. I am currently assigned to the FBI's Chicago Field Division, Violent Gangs - South. As part of my duties as a FBI Special Agent, I investigate criminal violations of Federal and State controlled substance laws including, but not limited to, conspiracy to possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 846; and possession with intent to distribute and distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision **Subject Phone 13's** location. However, there is reason to believe **Subject Phone 13** is currently located somewhere within this district because **Subject Phone 13's** primary user, CALVIN BUNTING, is known to spend most of his time in this district; the telephone number associated with **Subject Phone 13** corresponds to this district; **Subject Phone 13** is subscribed to CALVIN BUNTING at a residential address in this district; and, on April 18, 2023, BUNTING answered a ruse call I placed to **Subject Phone 13** and identified himself as "Calvin." Pursuant to Rule 41(b)(2), law enforcement may locate **Subject Phone 13** outside the district provided the device is within the district when the warrant is issued.

5. On April 18, 2023, BUNTING was charged by complaint with one count of conspiracy to possess with intent to distribute a controlled substance, namely fentanyl, cocaine base, and heroin, in violation of Title 21, United States Code, Section 846. BUNTING is the subject of an arrest warrant issued on April 18, 2023 on the basis of the above-referenced complaint and affidavit, which are incorporated by reference. There is also probable cause to believe that **Subject Phone 13**'s location will assist law enforcement in arresting BUNTING, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

**PROBABLE CAUSE**

7. On April 18, 2023, BUNTING was charged by complaint in Case No. 23 CR 226 with one count of conspiracy to possess with intent to distribute a controlled substance, namely fentanyl, cocaine base, and heroin, in violation of Title 21, United States Code, Section 846, and a warrant for BUNTING's arrest was issued.

8. Since in or about early February 2023, law enforcement has been attempting to confirm BUNTING's current residence using law enforcement databases of information obtained from public sources, Chicago Police Department records, physical surveillance, and spot checks of specific addresses. To date, law enforcement's efforts to identify BUNTING's current residence have been unsuccessful.

9. According to law enforcement databases, BUNTING is the named subscriber for **Subject Phone 13** and the address associated with **Subject Phone 13** is a residence located on the 9300 block of S. Union Avenue in Chicago.

10. On or about April 18, 2023, in the presence of another law enforcement officer who, like me, is familiar with BUNTING's voice from this investigation

3

(including the review of multiple months of court-authorized interceptions of wire communications over **Subject Phone 13**), I placed a call to **Subject Phone 13** to confirm that BUNTING is still the user of **Subject Phone 13**. A voice I recognized as that of BUNTING picked up the call. I asked if I was speaking with "Calvin." BUNTING answered affirmatively and asked who was calling. As a ruse, I told BUNTING that I was calling on behalf of Amazon and told him he needed to update the security settings on his Amazon account due to a fraud alert. BUNTING stated he would do so and the call then terminated. Immediately after placing the call, I listened to a recording of BUNTING's voice from a court-authorized interception of a call over **Subject Phone 13** on or about May 27, 2022, at approximately 9:25 p.m. (TP10, Session 2027) and confirmed that the voice I heard on the call I had just placed to **Subject Phone 13** was the same voice captured on the recording.

11.  According to law enforcement and or public source databases, BUNTING has been a resident of this district for many years. Law enforcement databases and CPD records identify multiple potential addresses for BUNTING in this district, some of which are among addresses surveilled by law enforcement with negative results.

**MANNER OF EXECUTION**

12.  In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain

4

signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

13. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by **Subject Phone 13** or receiving signals from nearby cellular devices, including **Subject Phone 13**. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to **Subject Phone 13** and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by **Subject Phone 13** and use that information to determine **Subject Phone 13's** location, even if it is located inside a house, apartment, or other building.

14. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with **Subject Phone 13**, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be **Subject Phone 13**, and law enforcement will limit collection of information from devices other than **Subject Phone 13**. To the extent that any information from a cellular device other than **Subject Phone 13** is collected by the law enforcement device, law enforcement

5

will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing **Subject Phone 13** from all other cellular devices.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice may seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior, and endanger the life or physical safety of an individual. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

17. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate **Subject Phone 13** outside of daytime hours.

18. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

_____
Shamar Bailey
Special Agent
Federal Bureau of Investigation

Sworn to and affirmed by telephone on April 18, 2023

_____
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (312) 894-9587, whose wireless provider is New Cingular Wireless PCS, LLC, now owned by AT&T Wireless, and whose listed subscriber is CALVIN BUNTING.

## ATTACHMENT B

Pursuant to an investigation of CALVIN BUNTING for a violation of Title 18, United States Code, Section 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. Radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. Radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).